IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Harold Watts, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 2:16-cv-2954-BHH |
| v. | ) | |
| | ) | |
| Warden, Broad River Correctional | ) | **ORDER** |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court upon Petitioner Harold Watts' ("Petitioner" or "Watts")

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In accordance with 28

U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred

to a United States Magistrate Judge for initial review.  On January 31, 2018, Magistrate

Judge Mary Gordon Baker filed a Report and Recommendation ("Report"), outlining the

issues and recommending that the Court grant Respondent's motion for summary

judgment.  Petitioner and Respondent each filed objections to the Report, and the matter

is ripe for review.  For the reasons set forth herein, the Court adopts the Magistrate Judge's

Report and grants Respondent's motion for summary judgment.

## BACKGROUND

The Greenville County Grand Jury indicted Petitioner in September of 2012 for

attempted murder (count one) and burglary in the first degree (count two).[1]  Attorney

---

[1] In her Report, the Magistrate Judge thoroughly outlined the facts underlying Petitioner's conviction, and the Court includes the following description for context.  At Petitioner's plea hearing, the State presented facts showing that the victim, Mary Darnell, a single woman in her mid-fifties, met Petitioner when he asked to perform odd jobs around her mobile home.  (App. at 7.)  In August 2010, Petitioner needed a place to stay, and Ms. Darnell allowed him to move some things into her home.  Ms. Darnell began to feel trapped by Petitioner and asked him to move out in January of 2011.  After Petitioner moved out, he continued to call her,

James W. Bannister represented Petitioner, and Assistant Solicitor Allen Fretwell represented the State.  On April 8, 2013, after a jury had been selected for Petitioner's trial, Petitioner changed his plea and pleaded guilty to attempted murder and burglary in the first degree (counts one and two) before the Honorable Letitia Verdin.   In exchange for Petitioner's guilty plea, the States agreed to withdraw its notice that it would seek a sentence of life without the possibility of parole ("LWOP") pursuant to South Carolina's recidivist statute if Petitioner were convicted at trial.  Judge Verdin accepted Petitioner's guilty plea and sentenced him to 35 years for burglary in the first degree and 30 years for attempted murder, to run concurrently.

Petitioner filed a pro se notice of intent to appeal in the South Carolina Court of Appeals but did not properly serve the notice on opposing counsel, so on July 1, 2013, the South Carolina Court of Appeals dismissed the appeal pursuant to Rule 221(b) of the South Carolina Appellate Court Rules because it was not properly served on opposing counsel.  On August 16, the Court of Appeals issued the Remittitur, stating that because Petitioner was represented by counsel, it would not consider a letter from Petitioner as a

---

and Ms. Darnell cut off telephone communication with him in November of 2011.  In the early hours of December 3, 2011, Petitioner forced open the front door of Ms. Darnell's home, breaking the safety chain on it, and chased Ms. Darnell out the back door, grabbed her, doused her with gasoline, and set her on fire.  Ms. Darnell ran to her neighbor's trailer seeking help and then ran into her neighbor's backyard and rolled on the ground to put out the flames.  Petitioner then poured more gasoline on her.  Ms. Darnell told her neighbor and emergency personnel that Petitioner poured gasoline on her and set her on fire.  Ms. Darnell was present at the plea hearing and a statement was read on her behalf.  In addition, the State played the 911 recording from Ms. Darnell's neighbor.  The facts presented at the guilty plea also indicated that Petitioner walked to a convenience store 30 minutes later and told the clerk he had set his girlfriend on fire.  The clerk dialed 911 and Petitioner repeated to the operator that he had set his girlfriend on fire.

At the plea hearing, Petitioner agreed with the facts except for disputing (1) that he had walked through the mobile home after entering it; and (2) that he poured gasoline on the victim.  (*Id.* at 11:11-12; 11:14-15; and 12:3-6.)  As Petitioner's counsel admitted, however, these factual disputes did not "implicate the elements of the offense[s]."  (*Id.* at 11.)  Petitioner's counsel admitted, "he broke the door in the house, so I think we've got him entering, once he puts his hand in trying to get the chain off," regardless of whether Petitioner actually walked through the home.  (*Id.*)  Likewise, whether Petitioner poured gasoline on Ms. Darnell was not an element of the attempted murder charge.  (*Id.* at 99.)

petition for rehearing.

On February 28, 2014, Petitioner timely filed an application for post-conviction relief

("PCR") alleging the following grounds, taken verbatim from his application:

(A) Ineffective Assistance of Counsel

1. Counsel was ineffective when he failed to file notice of appeal as I requested. Counsel should have raised the concerns with the indictment. The court accepting a conditioned plea.

2. Counsel was ineffective when he failed to investigate the burglary charge. Had he investigated he would have found that this was my leagal [sic] residence and the victim my common law wife.
3. Counsel was ineffective when he failed to seek a charge of a lesser offense than burglary. When the facts prove that this was not burglary. Counsel even stated on the record that defendant denies entering the residence.

  (A) The Grand Jury did not meet on September 18, 2012 as dated.

  (B) The attempted murder charge lacks any elements that put appellant on notice of the charge.

  (C) As a result counsel was ineffective when he failed to object to the court having jurisdiction to accept a plea to a defective indictment.

4. Counsel was ineffective when he failed to provide me with all of my Rule 5 material with-holding several parts that were very important to my decision to plead guilty.

5. Counsel was ineffective when he failed to have a mental evaluation done on me given the serious nature of the charges.

6. Counsel was ineffective when he failed to protect my constitutional right to have a bond hearing.

7. Counsel was ineffective when he fail to investigate the indictment. Had he done any inestigation [sic] he would have found the indictment to be defective.

8. Cumulative error of counsel constitute ineffective assistance of counsel and denial of a fair trial to the defendant.

9. Counsel was ineffective when he failed to request a change of venue.

10. Counsel was ineffective when he failed to have a crime scene investigation done. Had he had an investigation done he would have found that the facts as presented by the State did not line up with the crime area. An investigation of the crime scen [sic] area would show that the events presented as fact could not have taken place as presented by the State. Had this information been available I would not have plead guilty. This information would show that the charges in the indictment are not supported by the evidence.

(B) Court lack [sic] subject matter jurisdiction

(C) Defective Indictment

(D) Prosecural [sic] Misconduct

(App. at 27, 32-33.)

The State filed its return on August 22, 2014. Petitioner also submitted a memorandum in support of his application elaborating on the issues presented. (*See* App. at 41-44; ECF No. 41 at 5-6.) On December 16, 2014, the Honorable Eugene C. Griffith, Jr. held a hearing. Petitioner appeared and was represented by attorney Caroline M. Horlbeck. The PCR court had before it the transcript of the guilty plea/sentencing hearing, the Greenville County Clerk of Court records, the Applicant's South Carolina Department of Corrections records, the PCR application, the State's return, and the appellate records. Petitioner, his plea counsel (Mr. Bannister), and James F. Richardson, M.D., all testified as witnesses during Petitioner's hearing. In an order filed on February 10, 2015, the PCR court denied and dismissed Petitioner's PCR application in full.

Petitioner filed a notice of appeal, and on October 12, 2015, through attorney Lara M. Caudy of the South Carolina Commission on Indigent Defense, he filed a *Johnson* petition for writ of certiorari, presenting one issue for review: "Whether Petitioner's Sixth

and Fourteenth Amendment rights to the effective assistance of counsel were violated when plea counsel failed to challenge the assistant solicitor's improper contact with two potential defense witnesses before Petitioner pled guilty?" (ECF No. 17-2 at 3.) Ms. Caudy also filed a petition to be relieved as counsel. On November 18, 2015, Petitioner filed a "pro se response to petition filed by counsel *Johnson* petition" raising seven issues related to ineffective assistance of trial counsel and two issues alleging ineffective assistance of PCR counsel. (*See* ECF No. 17-3 at 4; ECF No. 41 at 7-8.)

On July 18, 2016, the Supreme Court of South Carolina, after considering the *Johnson* petition and Petitioner's pro se response, denied the petition for writ of certiorari and granted counsel's petition to be relieved. The Remittitur was issued on August 1, 2016.

On August 24, 2016, Petitioner filed the instant § 2254 petition as well as a motion to stay, asking the Court to "enter an order staying the above captioned habeas corpus proceeding an holding it pending the exhaustion of state remedies that will occur." (ECF Nos. 1 and 2.) In his petition, Petitioner raises the following grounds for relief:

> **Ground One**: Ineffective Assistance of Trial Counsel
> See Attached Motion to Stay
>
> Supporting Facts: Counsel failed to investigate. Counsel allowed Petitioner to make a conditional plea. Counsel failed to inform the Court of misconduct by Solicitor's office. Counsel failed to request change of venue. Counsel failed to file or inform Petitioner of his right to direct appeal.
>
> **Ground Two**: Ineffective Assistance of P.C.R. Counsel
>
> Supporting Facts: Counsel failed to preserve issues for appeal.

(ECF No. 1 at 6, 8.) On December 5, 2016, Respondent filed a motion for summary

judgment to which Petitioner responded on December 27, 2016.

In the meantime, on September 12, 2016, Petitioner, proceeding pro se, filed a second PCR application in the Court of Common Pleas for Greenville County. In this petition, Petitioner alleged ineffective assistance of trial counsel and ineffective assistance of PCR counsel. (ECF No. 17-6 at 3.) The State filed a return and motion to dismiss, and Petitioner filed a response in opposition on January 9, 2017. On February 3, 2017, the Chief Administrative Judge for the Thirteenth Judicial Circuit entered a conditional order of dismissal denying and dismissing the action as time-barred and as improperly successive under South Carolina law.

On March 29, 2017, the Magistrate Judge granted Petitioner's motion to stay for a period of 90 days and ordered Petitioner to file a supplemental pleading in response to Respondent's arguments by April 19, 2017. Petitioner timely filed his supplemental response, and Respondent filed a reply. The Magistrate Judge extended the stay and on January 3, 2018, the Court received a status report from Respondent informing the Court that Petitioner had appealed the dismissal of his second PCR application, and that the appeal had been transferred to the South Carolina Supreme Court. On January 17, 2018, the Supreme Court of South Carolina ordered that the case be dismissed and remitted it to the Greenville County Clerk of Court. The Magistrate Judge then raised the stay in this case and considered the merits of Petitioner's claims.

On January 31, 2018, the Magistrate Judge issued her Report recommending that the Court grant Respondent's motion for summary judgment. Respondent filed objections on February 6, 2018, and Petitioner filed objections on February 20, 2018, to which Respondent filed a reply.

## STANDARDS OF REVIEW

**I.    The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

**II.    Summary Judgment**

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**III.    Habeas Corpus**

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28

U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## IV.     Ineffective Assistance of Counsel

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective. U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668,

686 (1984). A meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential" under this standard, so as not to "second-guess" the performance. *Id.* at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and thereby fulfill the second prong of the ineffective assistance test, the challenging defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694-95.

## DISCUSSION

In her thorough, 42-page Report, the Magistrate Judge considered each of Petitioner's grounds for relief and found them without merit. Respondent filed objections to the Report, objecting only to the portion of the Report addressing ground two of the petition (where Petitioner alleges claims of ineffective assistance of PCR counsel), asserting that it was unnecessary and speculative for the Magistrate Judge to address the merits of ground two once the Magistrate Judge determined that the ground is not cognizable on federal habeas corpus review.

9

In his objections to the Magistrate Judge's Report, Petitioner largely rehashes the arguments raised in his prior filings. First, with respect to his claims of ineffective assistance of trial counsel, Petitioner objects to the Magistrate Judge's determination that Petitioner failed to meet his burden of showing that trial counsel should have requested a competency evaluation. (ECF No. 45 at 2-3.) He next objects to the Magistrate Judge's determination that the PCR court's decision was not based on an unreasonable determination of the facts, repeating his argument that counsel never investigated Petitioner's residence at the time of the incident. (*Id.* at 4.) Petitioner also again claims that his trial counsel let him make a conditional plea contrary to South Carolina law. (*Id.* at 5-8.) In addition, Plaintiff summarily restates his claim that counsel failed to inform the court of prosecutorial misconduct. (*Id.* at 8.) Petitioner next contends that the Magistrate Judge overlooked the fact that Petitioner tried to exhaust his claim that counsel failed to request a change of venue by filing an *Austin* petition with the Supreme Court of South Carolina. (*Id.* at 8-9.) Petitioner also contends that the Magistrate Judge overlooked facts that support his claim that counsel failed to file a direct appeal or inform Petitioner of his right to file one. Lastly, Petitioner objects to the Magistrate Judge's findings as to ground two, arguing that the Magistrate Judge overlooked the fact that the record contains a letter indicating that Petitioner requested PCR counsel to file a Rule 59(e) motion but PCR counsel filed to do so. (*Id.* at 10-11.)

The Court will address the Magistrate Judge's findings and the parties' objections to those findings below.

## Ground One: Ineffective Assistance of Trial Counsel

### (1) Counsel failed to investigate.

In his first claim alleging ineffective assistance of trial counsel, Petitioner asserts that trial counsel failed to make a reasonable investigation of the facts and that once Petitioner informed counsel of his mental health history, counsel had a duty to inform the court and seek a mental health evaluation. Petitioner also contends that his trial counsel failed to investigate Petitioner's residence at the time of the incident. According to Petitioner, he told his attorney that he was living in the residence at the time of the incident, so the burglary charge should have been dismissed.

In reviewing the merits of this claim, the Magistrate Judge first agreed with the Commissioner that this ground is exhausted. Next, the Magistrate Judge quoted extensively from the PCR court's order regarding this issue and ultimately determined that the PCR court's rejection of this claim did not result "in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1)-(2). *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). Specifically, the Magistrate Judge noted that the PCR court found trial counsel's testimony credible and determined that this finding should not be disturbed because Petitioner failed to offer convincing evidence to the contrary.

After review, the Court wholly agrees with the Magistrate Judge's findings on this claim, and the Court finds Petitioner's objection without merit insofar as he simply reiterates

his argument and points to no factual or legal error in the Magistrate Judge's analysis. As the Magistrate Judge explained, the PCR court specifically considered this claim and rejected it, stating with respect to Petitioner's claim that his trial counsel should have requested a mental competency evaluation:

> This Court finds the applicant failed to meet his burden of proving plea counsel should have requested a competency evaluation. Plea counsel testified he did not recall the Applicant informing him of any prior mental health history and that there were no signs the Applicant had a mental defect. This Court finds plea counsel's testimony is credible and he did not render deficient representation. This Court also finds the Applicant failed to demonstrate prejudice. A PCR applicant "bears the burden of proof and is required to show by a preponderance of the evidence he was incompetent at the time of his plea." *Jeter v. State*, 308 S.C. 230, 232, 417 S.E.2d 594, 596 (1992). To sustain a claim that plea counsel was ineffective for failing to request [a] competency hearing, the petitioner must show [a] reasonable probability that he would have been found incompetent. *Id.* at 233, 417 S.E.2d at 596. The Applicant failed to present any credible testimony or evidence to support his claim either that he had prior mental health treatment or was in need of a competency evaluation before he pled guilty.

(App. at 95.) With respect to Petitioner's claim that trial counsel should have investigated his residence at the time of the incident, the PCR court held:

> This Court finds the Applicant failed to meet his burden of proving plea counsel should have challenged the first-degree burglary charge. Plea counsel testified the Applicant was fixated on the idea that, as he had not been formally evicted by the sheriff, he had the right to be in the victim's residence. The State's presentation of facts at the guilty plea hearing, however, was that the Applicant had moved out of the victim's house before he subsequently broke the chain on the door, entered the victim's home, and chased the victim outside and set her on fire. (Plea transcript, pp. 7-10). While plea counsel disputed some of the State's facts, he did not argue the Applicant was a resident of the house. The Applicant told the plea judge he agreed with the comments made by his attorney. (Plea transcript, pp. 11-12). The Applicant entered a voluntary plea to the first-degree burglary charge. *See, e.g.*, *Pittman v. State*, 337 S.C. 597, 599, 524 S.E.2d 623, 624 (1999) (finding that, before a defendant can enter a guilty plea, he "must be aware of the nature and crucial elements of the offense, the maximum and any mandatory minimum penalty, and the nature of the constitutional rights being waived"). This Court finds the Applicant failed to present any evidence

he was a resident of the victim's home. This Court also finds the Applicant failed to present any evidence that one is a resident of a home–even after he has moved out–unless formally evicted by the sheriff. This Court finds the Applicant failed to present compelling evidence that plea counsel would have been successful in having the first-degree burglary charge reduced if he had advanced the argument that he was a resident of the victim's home because there had not been a formal eviction process. *See Butler v. State*, 286 S.C. 441, 442, 334 S.E.2d 813, 814 (1985) (holding in a post-conviction relief proceeding, the applicant bears the burden of proving the allegations in their application).

(App. 95-96.) Thus, the PCR court held that Petitioner failed to meet both the first and second prongs of *Strickland*, and the Court agrees with the Magistrate Judge that the PCR court's rejection of the claim did not result in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, and it did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. Therefore, the Court agrees with the Magistrate Judge that Petitioner is not entitled to relief on this claim.

### (2) Counsel allowed Petitioner to make a conditional plea.

As a second claim of ineffective assistance, Petitioner contends that his trial counsel erred by allowing Petitioner to make a conditional plea. In considering this claim, the Magistrate Judge agreed with Respondent that Petitioner procedurally defaulted this issue at the PCR level because the PCR court did not address this issue, and Petitioner's counsel did not file a Rule 59(e) motion to request that the court make specific findings on the issue. The Magistrate Judge thus considered whether the default should be excused due to the ineffective assistance of PCR counsel in accordance with *Martinez v. Ryan*, 566 U.S. 1, 9 (2012).

As the Magistrate Judge explained, pursuant to *Martinez*, an error by a prisoner's

13

PCR counsel during an initial state collateral review proceeding can qualify as "cause" to excuse a procedural default of a claim of trial counsel ineffectiveness if: (1) state law required the prisoner to wait until PCR to raise the *Strickland* claim; (2) the prisoner's underlying *Strickland* claim is "substantial"; and (3) the prisoner can establish that PCR counsel was ineffective under *Strickland*.  *Martinez*, 132 S. Ct. at 1318-19.  Thus, to the extent Petitioner seeks to invoke *Martinez* to allege his PCR counsel was ineffective for failing to raise the claim, the Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit."  *Id.*

Here, the Magistrate Judge concluded that *Martinez* does not assist Petitioner because the underlying ineffective-assistance-of-counsel claim has absolutely no merit. Specifically, the Magistrate Judge concluded that despite Petitioner's assertion to the contrary, his plea *was not conditional*.  First of all, the Magistrate Judge noted, South Carolina does not recognize conditional guilty pleas.  *State v. Rice*, 737 S.E.2d 485, 485 (S.C. 2013) (citing *State v. Truesdale*, 296 S.E.2d 528, 529 (S.C. 1982) (per curiam); *IN re Johnny Lee W.*, 638 S.E.2d 682, 684 (S.C. 2006) ("A trial court may not accept a conditional plea.")).  Second, the Magistrate Judge found that the transcript clearly shows that Petitioner entered an unconditional guilty plea.

After review, the Court agrees with the Magistrate Judge's analysis and finds Petitioner's objection–wherein he simply reiterates his argument that his plea was conditional because he denied entering the dwelling and denied the element intent of the attempted murder charge–without merit.  As the Magistrate Judge noted, Judge Verdin

asked Petitioner if the facts outlined by the State were correct, and Petitioner's counsel responded:

> Your Honor, if I may, I think that he has some disagreement over some of the facts, but *none of them would implicate the elements of the offense*. . . . Clearly this was going to be the state's presentation. We have one that was particularly different on a couple of issues.
>
> One, he broke the door in the house, so I think we've got him entering, once he puts his hand in trying to get the chain off. He will dispute that he went through the house.
>
> . . .
>
> Two, he would dispute that he poured gasoline on her. His version would be once she was on fire he had thrown the gas can down in order to get the lighter. . . . She hit the gas can and that's when she went up in more flames.
>
> We have two folks, him and Ms. Darnell. Nobody saw anything at that moment. But I don't think that matters ultimately for purposes of the plea. I know he wants to hear that said in order to enter his guilty plea.

(App. at 11 (emphasis added).) Judge Verdin then asked Petitioner if he heard what his attorney said and whether those are some of the disagreements he had with the facts, and Petitioner agreed. The court accepted the plea and found that it had a substantial factual basis.

Here, despite Petitioner's argument that he did not "enter" the house because he did not actually walk through the house, Petitioner's act of breaking the door in and reaching his hand in to get the chain off established the legal element of entering. Likewise, whether Petitioner actually poured gasoline on Ms. Darnell was not an element of the attempted murder charge, which charged Petitioner with setting Ms. Darnell on fire "unlawfully, with malice aforethought, and with intent to kill." (*Id.* at 99.) After review, the Court agrees with the Magistrate Judge that *Martinez* is unavailing because the underlying

ineffective-assistance-of-counsel claim has no merit insofar as Petitioner's claim that he entered a conditional guilty plea is wholly without factual support. Accordingly, Petitioner is not entitled to relief on this claim.

### (3) Counsel failed to inform the Court of prosecutorial misconduct.

In this claim, Petitioner appears to assert that trial counsel was ineffective for failing to inform the trial court that the Greenville County Solicitor's Office improperly contacted and met with two of his witnesses. The Magistrate Judge determined that this claim was raised to the state's highest court as both as a prosecutorial misconduct claim and as an ineffective-assistance-of counsel claim and was therefore procedurally exhausted. In considering the merits of this claim, the Magistrate Judge outlined the PCR court's findings and agreed with the PCR court that the prosecutor's contact with the two defense witnesses was not improper, and therefore, Petitioner's claim had no merit. *See United States v. Walton*, 602 F.2d 1176, 1179-80 (4th Cir. 1979) (citations omitted) (holding that "[a] witness is not the exclusive property of either the government or the defendant").

In his objections, Petitioner makes no argument concerning this issue other than to repeat his conclusory statement that counsel failed to inform the court of prosecutorial misconduct. The Court finds this objection wholly without merit and agrees with the Magistrate Judge's analysis on this issue. As the Magistrate Judge noted, the prosecutor was entitled to interview any of Petitioner's prospective witnesses; therefore, there was no basis for trial counsel to object. As such, the Court finds that Petitioner is not entitled to relief on this claim.

**(4) Counsel failed to request a change of venue.**

As a fourth claim, Petitioner asserts that trial counsel was ineffective for failing to request a change of venue due to the high media coverage of the case. The Magistrate Judge agreed with Respondent that Petitioner procedurally defaulted this claim because the PCR court did not address it and Petitioner's counsel did not file a Rule 59(e) motion asking the PCR court to address the issue. The Magistrate Judge also determined that *Martinez* did not offer relief from the procedural default (based on PCR court's failure to file a Rule 59(e) motion) because the underlying ineffective-assistance-of-counsel claim was not substantial. The Magistrate Judge noted that when asked whether he was satisfied with his trial counsel's performance, Petitioner answered, "Yes, ma'am," and indicated that he did not have any complaint to make against his lawyer. At no point did Petitioner raise the issue of a change of venue with the court, and most importantly, the Magistrate Judge determined that even if trial counsel's performance was deficient for failing to seek a change of venue, any error would be harmless because Petitioner ultimately pleaded guilty and did not proceed with a jury trial, and there is nothing in the record to indicate that Petitioner's desire for a change of venue played any role in his decision to plead guilty.

Petitioner objects to this portion of the Magistrate Judge's Report by stating, verbatim:

> Counsel failed to request a change of venue. Petitioner objection to this finding by the Court because as stated previously Petitioner through his Austin petition brought this issue before the lower court and the South Carolina Supreme Court. As stated previously the lower court failed to issue a statutorily correct without which the South Carolina Supreme Court has no jurisdiction. The R+R is overlooking this fact and law.

(ECF No. 45 at 8-9.) While the substance of this objection is not entirely clear, it appears

that Petitioner is arguing that his second PCR application, which he styled as an "application for Austin/Odom petition," should have cured any procedural default of the issue but the state court did not handle the petition properly. The Court finds this objection wholly without merit. The state court dismissed Petitioner's second PCR application as time-barred and improperly successive, and Petitioner's attempt to raise these issues before the state court did not cure the prior procedural default. In addition, the Court agrees with the Magistrate Judge that *Martinez* does not assist Petitioner, and Petitioner is not entitled to relief on this claim.

### (5) Counsel failed to file or inform Petitioner of his right to direct appeal.

As his final ineffective-assistance claim against trial counsel, Petitioner asserts that counsel failed to inform him of his right to file a direct appeal. The Magistrate Judge found this issue procedurally exhausted and considered the merits of the claim. First, the Magistrate Judge noted that although Petitioner asserts that counsel failed to inform him of his right to file an appeal, the judge clearly informed Petitioner at his plea hearing that he had "ten days from today's date to appeal this plea if you so choose, but you must do so in writing to this court." (App. at 5:16-18.) In addition, the Magistrate Judge noted that the record indicated that Petitioner was well aware of his right to appeal based on his testimony at the PCR hearing, where Petitioner claimed that after he pleaded guilty he was taken to a holding cell and told his attorney he wanted to appeal.

In considering this claim, the Magistrate Judge outlined the following portion of the PCR court's findings:

> This Court finds the Applicant failed to meet his burden of proving plea counsel did not file an appeal as requested. Plea counsel testified he did not recall the Applicant asking him to file an appeal and that he has a procedure

18

he follows in advising his appointed clients of this right. This Court finds plea counsel's testimony is credible. This Court finds the Applicant, after having been advised of his appellate rights, chose not to pursue them. *See Sheppard v. State*, 357 S.C. 646, 651, 594 S.E.2d 462, 465 (2004) ("To waive a direct appeal, a defendant must make a knowing and intelligent decision not to pursue the appeal.").

Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test–that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed either errors or omissions in his representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of *Strickland*–that he was prejudiced by plea counsel's performance.

This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. *See Frasier v. State*, 351 S.C. at 389, 570 S.E.2d at 174.

(App. at 97.) The Magistrate Judge determined that Petitioner is not entitled to relief on this claim because the PCR court reasonably applied *Strickland*.

After review, the Court agrees with the Magistrate Judge's analysis and finds nothing in Plaintiff's objections to alter this conclusion. In his objections, Plaintiff asserts that even though the judge informed him of his right to appeal, his counsel still had a duty to inform him of his appellate rights, and that his counsel was ineffective when he failed to perform that duty. Here, even if the Court were to agree with Petitioner and find that counsel's performance was deficient because counsel failed to inform Petitioner of his right to appeal, Petitioner still would not be able to demonstrate prejudice as it is clear from the record that Petitioner was aware of his right to file a direct appeal. In any event, the Court finds no reason to disturb the PCR court's determination that counsel's testimony was credible, and the Court ultimately agrees with the Magistrate Judge that nothing in the record demonstrates that the PCR court's decision was contrary to, or involved an

19

unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, the Court finds that Petitioner is not entitled to relief on this ground.

### Ground Two: Ineffective Assistance of PCR Counsel

In ground two, Petitioner claims that "Counsel failed to preserve issues for appeal." (ECF No. 1 at 8.) In his supplemental briefing, Petitioner argues that PCR counsel failed to file a Rule 59(e) motion to preserve "the issue [sic] for appeal that were not addressed in the Court Order." (ECF No. 28 at 2.) Nowhere else does Petitioner enumerate the issue or issues that he wanted to appeal.

In her Report, the Magistrate Judge agreed with Respondent that this ground is not cognizable on federal habeas review because ineffective assistance of PCR counsel is not a free-standing claim on which Petitioner may obtain relief. The Magistrate Judge also noted that Petitioner failed to include any specific claims in ground two. Nevertheless, in an abundance of caution, the Magistrate Judge considered the grounds for relief set forth in Petitioner's PCR application to determine which were preserved for state appellate review and which were not, and then the Magistrate Judge considered the merits of the claims that PCR counsel failed to preserve, finding them all without merit and thus not deserving of consideration pursuant to *Martinez.*

Respondent objects to this portion of the Magistrate Judge's Report, stating:

Respondent objects to only so much of the Report and Recommendation of the Honorable Magistrate that in addressing Ground two of the federal habeas petition, addresses each of the claims raised by Petitioner in his 1st PCR application in state court, not preserved for appellate review, pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), as the Honorable Magistrate correctly found earlier in the Report and Recommendation that Ground Two

is not cognizable in federal habeas corpus proceedings as Petitioner raised a free-standing claim of ineffective assistance of PCR counsel and Petitioner failed to assert what issues PCR counsel failed to preserve for appeal in his federal habeas corpus petition.

(ECF No. 44 at 1.)

In addition, Petitioner objects to this portion of the Report by again pointing to the fact that the record contains a letter from his PCR counsel, which states "that all issues were preserved for your appeal so the 59E Motion was not necessary." (ECF No. 28-1 at 9.) According to Petitioner, this demonstrates that he did ask PCR counsel to file a Rule 59(e) motion but PCR counsel failed to do so, and Petitioner contends that the Magistrate Judge overlooked this fact.

As an initial matter, the Court notes that the Magistrate Judge did not overlook the fact that PCR counsel failed to file Rule 59(e) motion. Rather, the Magistrate Judge determined that the claim set forth in ground two–a freestanding claim alleging ineffective assistance of PCR counsel–is simply not cognizable on habeas corpus review. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Thus, Petitioner's objection is without merit.

Here, the Court agrees with the Magistrate Judge that ground two as asserted in Petitioner's habeas corpus petition is simply not cognizable. Thus, the Court also agrees with Respondent that it was unnecessary for the Magistrate Judge to delve further into the issues and address each procedurally defaulted claim. Nevertheless, the Court sincerely appreciates the Magistrate Judge's thorough approach and finds the Magistrate Judge's

additional analysis harmless.[2]  At bottom, Petitioner is not entitled to relief on ground two.

## CONCLUSION

Based on the foregoing, it is hereby ordered that the Magistrate Judge's Report (ECF No. 41) is adopted; Respondent's motion for summary judgment (ECF No. 16) is granted; and this petition is dismissed with prejudice.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce H. Hendricks
United States District Judge

March 27, 2018
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).  Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.

---

[2] In addition, the Court notes that it agrees with the Magistrate Judge's analysis, and, to the extent Petitioner intended to raise the defaulted claims addressed by the Magistrate Judge, Petitioner is not entitled to relief on those claims.